UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>DANIEL MASS, JR.,<br><br>   Defendant. | Case No. 01-50035-01<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE [251]**

In *Johnson v. United States*, — U.S. —, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. In *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016), the Sixth Circuit extended *Johnson* to invalidate the residual clause of the "crime of violence" definition set forth in § 4B1.2(a)(2) of the Sentencing Guidelines. That section of the Guidelines provides for an enhancement in a defendant's base offense level if the defendant is classified as a career offender. A career offender is a defendant who, among other requirements, has two prior convictions for "either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). And the definition of "crime of violence," until *Pawlak*, included a felony offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2). So without the residual clause, some crimes that would have previously qualified as crimes of violence no longer do.

In this case, Defendant Daniel Mass was sentenced as a career offender under U.S.S.G. § 4B1.2. (R. 201, 207.) He says that one of the predicate offenses the Court used to make this determination no longer qualifies as a crime of violence and therefore asks this Court to vacate

his sentence. The Court denied the Government's motion to stay these proceedings (R. 262), but will not grant Mass the relief he seeks. Even without resort to the now-invalid residual clause, Mass has two prior offenses that qualify as crimes of violence under § 4B1.2.

## I.

The Sentencing Guidelines provide,

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a *crime of violence* or a controlled substance offense.

U.S.S.G. § 4B1.1 (emphasis added). If a defendant qualifies as a career offender, the base offense level (for the offense of conviction) is increased, leading to a higher guidelines range.

At the time of Mass's sentencing in 2003, the Guidelines defined "crime of violence" as follows:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, [**Force Clause**] or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, [**Enumerated-Felony Clause**] *or otherwise involves conduct that presents a serious potential risk of physical injury to another.* [**Residual Clause**]

U.S.S.G. § 4B1.2(a) (emphasis and explanatory brackets added).[1] The emphasized language is the residual clause, which (after *Johnson)* the Sixth Circuit has held is "unconstitutionally vague." *United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016).

---

[1] This provision was recently amended to eliminate the residual clause and modify the list of enumerated offenses.

At sentencing, Mass had three prior offenses with potential to qualify as "a crime of violence or a controlled substance offense" under § 4B1.1: (1) a 1991 conviction for possession of cocaine for sale in Los Angeles, California Superior Court; (2) a 1993 conviction for assault with a dangerous weapon in Los Angeles, California Superior Court; and (3) a 2002 conviction for possession of a controlled substance while armed in Compton, California Superior Court. (R. 201, PID 136.) Mass's argument is that the only way his 1993 and 2002 convictions qualify under the career offender enhancement is through the residual clause, and given *Pawlak*, he no longer qualifies as a career offender. But Mass does not put forth argument regarding his 1991 conviction. (R. 260, PID 290.) And the Government does not argue that the 2002 conviction is a predicate offense. (R. 257, PID 277–82.) Thus, if the 1993 conviction qualifies as a crime of violence through the force clause, the Court need not vacate Mass's sentence or address the Government's argument that *Johnson* is not retroactive to his case.

**A.**

The Court engages in a multi-step inquiry to determine whether a prior offense can be classified as a predicate under the Sentencing Guidelines. *United States v. Mekediak*, 510 F. App'x 348 (6th Cir. 2013) (citing *United States v. Montanez*, 442 F.3d 485, 489 (6th Cir. 2006)). The ultimate question in this case will be whether the defendant admitted to a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). "The prior conviction qualifies as an ACCA [or Guidelines] predicate only if the statute's elements are the same as, or narrower than" a statute containing the exact language as the use-of-force clause. *Descamps v. United States*, — U.S. —, 133 S. Ct. 2276, 2281 (2013); *see also United States v. White*, No. 4:08-CR-103, 2016 U.S. Dist. LEXIS 93818, at *5 (N.D. Ohio July 19, 2016) ("For a conviction to fall under the use-of-force prong,

3

the underlying statute must necessarily entail 'the use, attempted use, or threatened use of physical force against the person of another.' So long as the statute only punishes conduct involving the use or attempted use of physical force, the statute does not need to expressly mirror the language of the use-of-force clause.").

The question identified above may apply to the statute as a whole (formal categorical approach), or to a specific part of the statute (modified categorical approach). *Descamps*, 133 S. Ct. at 2283. Whether the modified categorical approach or the formal categorical approach applies depends on whether the statute is divisible. *See United States v. Woodley*, No. 15-cr-20007, 2015 U.S. Dist. LEXIS 162065, at *6 (E.D. Mich. Dec. 3, 2015). Any statute with alternative phrasing could *potentially* be a divisible statute. The Supreme Court has directed the following "threshold inquiry" in such circumstances:

> The first task for a sentencing court faced with an alternatively phrased statute is thus to determine whether its listed items are elements or means. If they are elements, the court should do what we have previously approved: review the record materials to discover which of the enumerated alternatives played a part in the defendant's prior conviction, and then compare that element (along with all others) to those of the generic crime. But if instead they are means, the court has no call to decide which of the statutory alternatives was at issue in the earlier prosecution.

*Mathis v. United States*, — U.S. —, 136 S. Ct. 2243, 2248 (2016). That is to say, a statute is divisible only where it "lists multiple elements disjunctively," not where it "enumerates various factual means of committing a single element." *Mathis*, 136 S. Ct. at 2256 (emphases added). So a statute would not be divisible if it criminalized conduct involving the use of a "deadly weapon," and "deadly weapon" meant "knife, gun, bat, or similar weapon[.]" *Id.* at 2249 (citation omitted). That would be an example of "diverse means of satisfying a single element of a single crime" where "a jury need not find (or a defendant admit) any particular item[.]" *Id.* In addition to the means vs. elements inquiry, "Divisibility must be accompanied by another

4

condition . . . ambiguity in the statute of conviction . . . . [meaning that] an individual can violate the statute [of conviction] in a way that constitutes a violent felony and in a way that does not." *United States v. Mitchell*, 743 F.3d 1054, 1063 (6th Cir. 2014).

Thus, if the statute lists multiple elements disjunctively *and* the statute is ambiguous, then the Court applies the modified categorical approach. What this means is that the Court can "consult a limited class of documents . . . to determine which alternative [element] formed the basis of the defendant's prior conviction." *United States v. Denson*, 728 F.3d 603, 608 (6th Cir. 2013) (quoting *Descamps*, 133 S. Ct. at 2281). These documents include the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005). The point is to determine which elements the defendant "necessarily admitted . . . through his plea," *United States v. Medina-Almaguer*, 559 F.3d 420, 423 (6th Cir. 2009) (citation omitted), so that the Court can determine whether among those elements were "the use, attempted use, or threatened use of physical force against the person of another." *See United States v. Del Carmen Gomez*, 690 F.3d 194, 200 (4th Cir. 2012); *see also Descamps*, 133 S. Ct. at 2285 (explaining that the modified categorical approach is "a mechanism" to apply "the categorical approach's basic method" where the offense statute is divisible). If such documents are unavailable or do not establish which alternative was the basis of the conviction, the Court would not be able to say whether the defendant "necessarily admitted" an offense that falls within (or is narrower than) the force clause, and that conviction would not qualify as a predicate offense. *See, e.g.*, *United States v. Nigro*, 650 F. Supp. 2d 372, 376 (E.D. Pa. 2009).

If the "threshold inquiry" set forth in *Mathis* shows that the statute is not divisible, then the "modified approach . . . has no role to play," *Descamps*, 133 S. Ct. at 2285, and the Court

applies the formal categorical approach. Thus, viewing the statute as a whole, the Court would analyze whether the statute "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1).

**B.**

The Court begins with Mass's 1993 conviction under California's assault with a dangerous weapon statute (the analysis also ends here, both because the Court finds that this conviction is still a predicate offense and because the Government does not argue that the 2002 conviction is a predicate offense (R. 257, PID 277–82)). The 1993 version of the California statute reads, in relevant part:

(a)

> (1) Any person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year, or by a fine not exceeding ten thousand dollars ($10,000), or by both the fine and imprisonment.
>
> (2) Any person who commits an assault upon the person of another with a firearm shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not less than six months and not exceeding one year, or by both a fine not exceeding ten thousand dollars ($10,000) and imprisonment.
>
> (3) Any person who commits an assault upon the person of another with a machinegun, as defined in Section 12200, or an assault weapon, as defined in Section 12276, shall be punished by imprisonment in the state prison for 4, 8, or 12 years.

(b) Any person who commits an assault upon the person of another with a semiautomatic firearm shall be punished by imprisonment in the state prison for three, six, or nine years.

(c) Any person who commits an assault with a deadly weapon or instrument, other than a firearm, or by any means likely to produce great bodily injury upon the person of a peace officer or firefighter, and who knows or reasonably should know that the victim is a peace officer or firefighter engaged in the performance

6

of his or her duties, when the peace officer or firefighter is engaged in the performance of his or her duties, shall be punished by imprisonment in the state prison for three, four, or five years.

(d)

> (1) Any person who commits an assault with a firearm upon the person of a peace officer or firefighter, and who knows or reasonably should know that the victim is a peace officer or firefighter engaged in the performance of his or her duties, when the peace officer or firefighter is engaged in the performance of his or her duties, shall be punished by imprisonment in the state prison for four, six, or eight years.
>
> (2) Any person who commits an assault upon the person of a peace officer or firefighter with a semiautomatic firearm and who knows or reasonably should know that the victim is a peace officer or firefighter engaged in the performance of his or her duties, when the peace officer or firefighter is engaged in the performance of his or her duties, shall be punished by imprisonment in the state prison for five, seven, or nine years.
>
> (3) Any person who commits an assault with a machinegun, as defined in Section 12200, or an assault weapon, as defined in Section 12276, upon the person of a peace officer or firefighter, and who knows or reasonably should know that the victim is a peace officer or firefighter engaged in the performance of his or her duties, shall be punished by imprisonment in the state prison for 6, 9, or 12 years.

Cal. Penal Code § 245 (1993). In Mass's opening motion to vacate sentence, he seemingly admitted that he had been convicted under § 245(a)(1) but argued that (a)(1) itself was divisible. (R. 251, PID 241.) But in his reply brief, he argues that § 245 as a whole is divisible and that it is unclear which subsection he was convicted under. (R. 260, PID 294.) The Court concludes that § 245, as a whole, is divisible. However, taking § 245(a)(1) in isolation, that subsection is not further divisible.

The Court starts with § 245 as a whole. The various sections and subsections appear to list several alternative ways to commit assault with a dangerous weapon (e.g., with a particular type of firearm, on a law enforcement officer, on a law enforcement officer while performing his

7

official duties). The Supreme Court has instructed the lower courts to examine the following sources to conduct the initial "elements or means?" inquiry:

> When a ruling [by a state's highest court] exists, a sentencing judge need only follow what it says. Likewise, the statute on its face may resolve the issue. If statutory alternatives carry different punishments, then under *Apprendi* they must be elements. Conversely, if a statutory list is drafted to offer "illustrative examples," then it includes only a crime's means of commission. And a statute may itself identify which things must be charged (and so are elements) and which need not be (and so are means).

*Mathis*, 136 S. Ct. at 2256. The Court is not aware of any California Supreme Court ruling on whether the statute is divisible. But the Court believes the statute on its face shows that it is divisible because the statutory alternatives carry different punishments. Therefore, the Court will apply the modified categorical approach.

Mass's 1993 conviction for assault with a dangerous weapon was the result of a guilty plea. But when briefing on his motion to vacate sentence closed, it became clear to the Court that there were no *Shepard-Taylor* sources in the record that would allow a determination as to which elements Mass necessarily admitted when he entered his guilty plea. However, the Court was able to obtain these documents from the California Superior Court. (R. 262-1, R. 262-2.) The parties have stipulated that the Court may take judicial notice of these records in order to conduct the analysis. (R. 263, PID 378.) Though the Court, and not the parties, located these records, there is case law supporting that a Court may take such an action in the context of a § 2255 motion. *United States v. Godinez-Alcaraz*, 286 F. App'x 981, 982 (9th Cir. 2008) (taking judicial notice of a California abstract of judgment to establish defendant's conviction under a particular statute); *see also United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (taking judicial notice of a Nevada Judgment of Conviction for a controlled substances offense for the purpose of affirming the application of a U.S.S.G. § 2K2.1(a)(2) enhancement).

Looking to the records, it is clear that Mass pled guilty to § 245(a)(1). The Abstract of Judgment, entered on August 17, 1993, provides, "Defendant was convicted of the commission of the following felony (or alternate felony/misdemeanor): . . . [Count 1:] Section Number: 245(a)(1), Crime: Asslt w/ GBI & Deadly Wpon . . . Time Imposed 2 years." (R. 262-2, PID 350.) This reflects Mass's statements at his plea hearing, where he confirmed that he was entering a guilty plea to § 245(a)(1). (R. 262-2, PID 367–68.) It is also consistent with the charging document in the case. (R. 262-2, PID 360.)

So the Court can now apply the categorical approach specifically to § 245(a)(1).[2] *See Descamps*, 133 S. Ct. at 2285 (explaining that the modified categorical approach is a "mechanism" to apply "the categorical approach's basic method" in the case of a divisible statute). Mass's argument that the statute criminalizes conduct that is broader than what is set forth in the force clause turns on the California definition of assault. (R. 260, PID 293.) Although "assault" has been statutorily defined in California as "an unlawful attempt, coupled with a present ability, to commit a *violent* injury on the person of another," Cal. Penal Code § 240 (emphasis added), California courts hold that "violent" includes "any wrongful act committed by means of physical force against the person of another, and . . . the kind of physical force is immaterial," *People v. Whalen*, 269 P.2d 181, 185 (Cal. App. 1954). Given these definitions, Mass says that subsection (a)(1), which permits conviction based on either "assault upon the

---

[2] As noted above, in his initial motion to vacate sentence, Mass argued that § 245(a)(1) itself was divisible because it criminalized two types of assault—assault with a deadly weapon and assault with force likely to produce great bodily injury. (R. 251, PID 241.) The Court disagrees. First, Mass's initial motion does not argue whether the two alternatives are alternative elements or alternative means, which is a critical distinction after *Mathis*. Second, as noted above, "A divisible statute is necessary but not sufficient for application of the modified categorical approach" because the statute must also be ambiguous. *Mitchell*, 743 F.3d at 1063. As will be explained *infra*, both assault with a deadly weapon and assault with force likely to product great bodily injury fall within the force clause; therefore, Mass's argument for ambiguity within § 245(a)(1) is not persuasive.

person of another with a deadly weapon or instrument other than a firearm," or assault "by any means of force likely to produce great bodily injury," could "permit an argument . . . that the offense does not satisfy the guidelines provision." (R. 260, PID 293.)

The Court interprets Mass's argument to be based on the following from *Johnson v. United States*, 559 U.S. 133, 140 (2010): "We think it clear that in the context of a statutory definition of "violent felony," the phrase "physical force" means violent force—that is, force capable of causing physical pain or injury to another person." *See also Ortega-Mendez v. Gonzales*, 450 F.3d 1010, 1016–17 (9th Cir. 2006) (holding that "conduct involving mere offensive touching does not rise to the level of a 'crime of violence' within the meaning of 18 U.S.C. § 16(a)."). In other words, Mass seems to be claiming that because California courts interpret assault to include "any wrongful act committed by means of physical force against the person of another," and the Supreme Court in *Johnson* (2010) stated that "violent felony" means "violent force," parts of § 245(a)(1) could have as an element the use of force as set forth in § 4B1.2(a) while other parts of § 245(a)(1) would not.

Courts interpreting § 245(a)(1) disagree with Mass. The Ninth Circuit Court of Appeals has held that "the force required by section 245(a)(1) is sufficiently 'violent in nature' to justify the § 2L1.2[3] crime of violence definition." *United States v. Grajeda*, 581 F.3d 1186, 1191 (9th Cir. 2009).[4] The Court explained that "unlike simple assault," § 245(a)(1) required assault committed either "with a deadly weapon" or "by any means of force likely to produce great

---

[3] For the purpose of that section of the guidelines, as of the relevant time period, "'Crime of violence' means any of the following: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G § 2L1.2 (2006).

[4] The Ninth Circuit continues to cite *Grajeda*'s crime-of-violence holding post-*Johnson* (2010). *See, e.g.*, *United States v. Munoz*, 613 F. App'x 669, 670 (9th Cir. 2015).

10

bodily injury." *Id.* The "deadly weapon" option "demonstrates at minimum the threatened use of actual force" due to the presence of the firearm. *Id.*

As to the deadly weapon option, the Sixth Circuit has cautioned that "not all crimes involving a deadly weapon have the threatened use of physical force as an element" because "[t]he use of a deadly weapon may exacerbate the threat of physical force, but does not necessarily supply the threat if it is not already present in the underlying crime." *United States v. Rede-Mendez*, 680 F.3d 552, 558 (6th Cir. 2012). Thus, "the underlying crime must already have as an element some degree of, or the threat of, physical force in the more general sense (such as 'the least touching')." *Id.* California's definition of assault is consistent with this holding, as it does require "the least touching." *Cf. People v. Chavez*, 268 Cal. App. 2d 381, 384 (2nd Dist. Ct. App. 1968) ("[O]pprobrious insults, no matter how grievous, will not justify an aggravated assault."); *see also Rede-Mendez*, 680 F.3d at 558 (holding that an assault under a New Mexico statute accomplished by means of "insulting language toward another impugning his honor, delicacy or reputation" was not a proper predicate crime).

*United States v. Whindleton*, 797 F.3d 105 (1st Cir. 2015), a post-*Johnson* (2010) case, also supports the conclusion that assault under § 245(a)(1) is a "crime of violence" under § 4B1.2. There, the First Circuit examined a Massachusetts assault-with-a-deadly weapon statute criminalizing the conduct of "[w]hoever, by means of a dangerous weapon, commits an assault upon another." *Id.* at 112. In Massachusetts, the crime of simple assault has been held to encompass "attempted or threatened touching if offensive." *Id.* (citation omitted). Thus, the defendant argued that *Johnson* (2010) "undermine[d]" the statute's viability as a crime of violence because "assault, even with use of a dangerous weapon, is based upon either an attempted or threatened battery that may be accomplished by a mere touching." *Id.* at 113. The

11

First Circuit disagreed. "Logically," explained the appellate court, "the harm threatened by an assault is far more violent than offensive touching when committed with a weapon that is designed to produce or used in a way that is capable of producing serious bodily harm or death." *Id.* at 114. Further, the court added, "dicta in *Johnson* assumed that an assault and battery with a dangerous weapon was a 'violent felony.'" *Id.* at 115 (citing *Johnson*, 559 U.S. at 140–41).

As to the "likely to produce great bodily injury" option of § 245(a)(1), the Court agrees with *Grajeda* and concludes that this language "must necessarily go beyond the 'least touching' and represents 'actual force' that is violent in nature." *Grajeda*, 581 F.3d at 1192.

Because both assault with a deadly weapon and assault by any means likely to produce great bodily injury still qualify as crimes involving "violent force" post-*Johnson* (2010), they both have "as an element the use, attempted use, or threatened use of physical force against the person of another" and fall within the still-valid force clause of the guidelines provision.

Mass's other argument is that a § 245(a)(1) violation can be sentenced as either a misdemeanor or a felony, and so it could fail to satisfy § 4B1.2(a)'s requirement that a "crime of violence" be an offense "punishable by imprisonment for a term exceeding one year."

The Sixth Circuit addressed this argument regarding § 245(a)(1) in *United States v. Apodaca*, 512 F. App'x 509, 513 (6th Cir. 2013). Citing the Sentencing Commission's comment, the Court first stated that "[a] 'prior felony conviction' means a 'prior adult federal or state conviction for an offense punishable by . . . a term exceeding one year, *regardless of whether* such offense is specifically designated as a felony and regardless of the actual sentence imposed.'" *Id.* at 513 (emphasis in original, citing U.S.S.G. § 4B1.2 cmt. 1). Accordingly, the Court concluded, "The designation of the offense under California law and the actual sentence imposed is irrelevant. The only relevant question is whether the California offense is punishable

12

by a term exceeding one year." *Id.* The fact that punishment of a term exceeding one year was an option among other options made no difference. *Id.*

Given the Sixth Circuit's decision in *Apodaca*, and that every part and subpart of § 245 includes a possible punishment of more than one year in prison, the Court rejects Mass's alternate punishments theory.

To summarize, the Court finds that California Penal Code § 245 is divisible, that Mass was convicted of an offense under §245(a)(1), and that § 245(a)(1) qualifies as a predicate offense through the force clause. The Court further finds that *Apodaca* forecloses Mass's alternate punishments argument. Accordingly, Mass's 1993 conviction under § 245(a)(1) still qualifies as a predicate offense for the purpose of § 4B1.2 and Mass's motion to vacate sentence should be denied.

## II.

For the reasons set forth above, Mass's motion to vacate sentence (R. 251) is DENIED.

SO ORDERED.

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
Dated: January 31, 2017                U.S. DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 31, 2017.

                                              s/Keisha Jackson
                                              Case Manager